DOUCET, Judge.
The defendant, Michael Keith Louviere, appeals a conviction for perjury, a violation of La.R.S. 14:123.
The penury charge arose out of another criminal proceeding in the Fifteenth Judicial District Court. In Docket Number 43918, the defendant was convicted by a jury of forcible rape. He was sentenced on May 30, 1980 to serve the maximum sentence allowed by statute: Forty years at hard labor without benefit of parole, probation or suspension of sentence. Approximately eight years after the conviction, the defendant filed an application for post-conviction relief complaining that his forty year sentence was excessive.
After an evidentiary hearing in which the defendant testified, the defendant’s sentence was reduced to twenty years imprisonment at hard labor with the first two years to be served without benefit of probation, parole or suspension of sentence. All parties at the hearing, including the judge, the assistant district attorney, and the defendant’s recently appointed attorney, were unfamiliar with the defendant’s prior criminal history, particularly his arrests for numerous sexual offenses other than the arrest that resulted in his conviction.
*1068 As a result of the defendant’s testimony, the court believed the charge on which the defendant was convicted was his only offense and reduced his sentence. During the perjury trial, the defendant admitted that he probably did not inform his attorney of his prior arrests. Believing the offense the defendant was convicted of was his only offense, defense counsel argued during the hearing as follows:
BY MR. MARQUET: The court can see for itself that Judge Fontenot simply issued the maximum allowable punishment of the law, forty (40) years, to a first offender, a seventeen (17) year old young man, without any reasons, without any concern for the particular facts of this case and failed to give the factual basis for the imposition of the maximum punishment. (Emphasis added)
The court, unable to locate the presentence report, relied on the argument of counsel, the pleadings and the defendant’s testimony during the hearing.
After the evidentiary hearing, the presiding judge learned that the defendant had been charged with five other sexual offenses which were dismissed after the Louisiana Supreme Court affirmed his forcible rape conviction and sentence. The trial judge vacated the sentence reduction and reinstated the original forty year sentence. The defendant applied to the Louisiana Supreme Court for supervisory writs which were granted peremptorily ordering the trial court to let the reduced sentence stand.
On January 20,1989, the State filed a bill of information accusing the defendant of committing penury during the August 16, 1988 post-conviction relief evidentiary hearing. The bill charges the defendant with committing “perjury by denying that he had been arrested for sex offenses other than the one for which he was tried and convicted.”
After a bench trial, Louviere was found guilty of perjury as charged. He was sentenced to five years at hard labor.
The sole assignment of error by his appeal is that the evidence presented at the trial is insufficient to support the perjury conviction.
The standard of review regarding sufficiency of the evidence was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To affirm a conviction, a reviewing court must determine that the evidence in the record, viewed in the light most favorable to the prosecution, is sufficient to convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt of committing the specific offense.
La.R.S. 14:123 provides in pertinent part that:
Perjury is the intentional making of a false written or oral statement in, or for use in, a judicial proceeding, or any proceeding before a board or official, wherein such board or official is authorized to take testimony. In order to constitute perjury the false statement must be made under sanction of an oath or an equivalent affirmation, and must relate to matter material to the issue or question in controversy.
It is a necessary element of the offense that the accused knew the statement to be false; but an unqualified statement of that which one does not know or definitely believe to be true is equivalent to a statement of that which he knows to be false.
During the trial, the State was required to prove each essential element of the crime beyond a reasonable doubt. Therefore, the State had the burden of showing that the defendant knowingly made a false statement under oath in a judicial proceeding and that the statement related to a matter material to the issue or question in controversy.
The particular statements made during the evidentiary hearing which gave rise to this charge were as follows:
Q. Have you ever been arrested for any sort of acts of violence?
A. No, sir.
Q. Have you ever been arrested for any sexual offense of any kind?
A. No, sir.
*1069 Q. Are there any things in your past that were bad? Have you ever been in trouble as a juvenile?
A. No, sir.
Q. Or been in a juvenile ■ delinquent home?
A. No, sir.
Q. Have you ever been expelled from school?
A. Yes, sir. A couple of times.
Q. Have you ever been arrested for any acts of violence; simple batteries, fighting, or anything else?
A. No, sir.
Since these statements concerning the defendant’s past were made under oath in a judicial proceeding, the State had only to prove that the defendant knew the statement was false and that the statement related to a matter material to the issue in controversy.
There is very little Louisiana jurisprudence to aid in the interpretation of the perjury statute. The court in State v. Marrero, 525 So.2d 203 (La.App. 5th Cir. 1988) looked to cases interpreting 18 U.S.C. § 1623(a) which is similar to the Louisiana perjury statute. In Marrero, the court adopted the test for materiality as set out in United States v. Giarratano, 622 F.2d 153, 156 (5th Cir.1980) stating that:
“The test for materiality is a broad one— whether the false testimony was capable of influencing the tribunal on the issue before it. Furthermore, we have held that ‘the statements need not be material to any particular issue but may be material to any proper matter of inquiry.’ ” (citations omitted)
The purpose of the evidentiary hearing was to determine whether the defendant’s sentence was excessive. The defendant’s record of other arrests was material to the issue of whether the imposition of the maximum penalty allowed by the statute was excessive. The defendant responded negatively when asked, “Have you ever been arrested for any sexual offense of any kind?” and, “Have you ever been arrested for any sort of acts of violence?” The record indicates that the defendant had been arrested for sexual offenses involving six different victims. Lieutenant Don Cobb testified that he arrested the defendant on September 21, 1979 for two counts of aggravated rape, one count of attempted rape, and one count of attempted simple rape. On September 20, 1979, the defendant was arrested for two counts of attempted aggravated rape. One of the September 21st aggravated rape charges resulted in this conviction and forty year sentence. Following the defendant’s conviction on one charge, the other charges were dismissed.
The defendant’s testimony indicates that he knew that his response was not correct. During the perjury trial, the defendant testified:
BY MR. BABIN: Let me ask you again, Mr. Louviere. Is it your testimony then, from what you’re saying, that because these other charges as far as you were concerned were dismissed, then you really had no other record— you had no record for the judge to know about; is that what you’re saying?
A. No, sir. I’m not saying that. What I’m saying that if you wanted the judge to know about that, home boy, you should have told him. I have nothing to do with that.
The defendant’s testimony was material to a matter of inquiry and calculated to influence the judge in his decision concerning the excessiveness of sentence.
After reviewing the evidence in the light most favorable to the prosecution, the record is sufficient to convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt of perjury. The State successfully proved that the defendant made a statement relating to a matter material to the question in controversy which he knew was false.
Accordingly, the defendant’s conviction and sentence is affirmed.
AFFIRMED.